**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHIBUEZE C. ANAEME,

      Plaintiff-Appellant,

v.

MEDICAL STAFFING NETWORK
(MSN) ALLIED; MEDICAL
STAFFING NETWORK (MSN) INC.;
PHARMSTAFF
(MSN-PHARMSTAFF); MEDICAL
STAFFING NETWORK (MSN) OF
ILLINOIS; ROBERT ADAMSON,
individually and in his capacity as
Chief Executive Officer (CEO), MSN
Allied, MSN Inc, MSN Pharmstaff and
MSN of Illinois; SUSAN
NAPOLITANO, individually and in
her capacity as Vice President Human
Resources/Employee of MSN Inc.;
PAT DE VALLE, individually and in
her capacity as Corporate Employee
Relations Manager, MSN Inc.;
ROCHELLE FLINT, individually and
in her capacity as Human Resources
Manager, MSN Inc.; CHRISTINE
BRAASCH, individually and in her
capacity as Account Manager, MSN
Inc.; DAVE STILLMUNKES,
individually and in his capacity as
Director of Operations, MSN Inc.;
MANDY DEUTSCH, individually and
in her capacity as Account Manager,
MSN Inc.; JAN CASFORD; AIMEE
MUNDO; LINDA MITCHELL,
individually and in their capacities as
employees of MSN Inc.; KRISTINA

No. 05-2326
(D.C. No. CIV-05-434-JB/LFG)
(D. N.M.)

KOVACS, individually and in her capacity as Staffing Coordinator/Employee of MSN Inc.; DUANE AMBROZ, individually and in his capacity as employee of MSN Inc.,

Defendants-Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, **PORFILIO,** and **ANDERSON,** Circuit Judges.

---

Proceeding pro se, plaintiff Chibueze C. Anaeme appeals the district court's dismissal of his "complaint for debts and monies owed" against the defendants. He also seeks to proceed *in forma pauperis* on appeal. We deny the motion to proceed *in forma pauperis* and dismiss the appeal.

Mr. Anaeme filed his complaint in New Mexico state court. The defendants removed it to federal court, where it was dismissed in part for failure to state a claim, and in part for failure to serve several of the defendants.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In his complaint, Mr. Anaeme asserted that defendant Medical Staffing Network (MSN) employed him as a pharmacist from December 23, 2003, until his termination on July 6, 2004. He was paid an hourly rate or wage. On or about August 13, 2004, he filed a "statement of wage claim" with the New Mexico Department of Labor (NMDOL), contending that MSN owed him unpaid wages. On September 1, 2004, defendant Christine Braasch, an employee of MSN, sent a letter to NMDOL, in which she indicated that Mr. Anaeme had been fully compensated, with the exception of a $100 sign-on bonus, the omission of which he had not brought to MSN's attention prior to his last day with them. Ms. Braasch enclosed a check for $60.55, representing this bonus, less applicable taxes. On October 12, 2004, the NMDOL concluded its investigation, and closed the case.

Mr. Anaeme's complaint further asserted that on September 29, 2004, he filed a charge of discrimination against the defendants with the United States Equal Employment Opportunity Commission (EEOC), alleging wrongful termination, unpaid wages, and unpaid per diem charges. On January 13, 2005, the EEOC closed its file and issued a right-to-sue letter. Mr. Anaeme's complaint did not recite that he pursued the matter any further.

Mr. Anaeme's complaint did not seek judicial review of either the NMDOL or the EEOC decisions. Nor was it an action for unpaid wages or for discrimination. Rather, Mr. Anaeme sought $400,000 from defendants for his

self-reported, pro se, alleged costs in prosecuting his prior actions for unpaid wages and discrimination.

Mr. Anaeme had previously requested these costs in demand letters addressed to defendants Robert Adamson and Mandy Deutsch. According to a letter attached to his complaint, he requested $150,000 (150 hours at $1,000 per hour) for:

> Total hours spent on legal research of applicable Labor and Employment law and statutes, retr[ie]ving and reviewing of all applicable MSN payroll documents and computing of paid and unpaid wages, bonus, per diem and time and cost(s) of related phone calls and trips to the U.S[.] EEOC office in Albuquerque, N.M[.] from October 2004 to January 2005.

R., doc. 2, ex. E.

He requested an additional $250,000 (250 hours at $1,000 per hour) for:

> Hours spent for retrieval and reviewing of all applicable payroll documents (timesheets, cover letters (fax), expense reports, work schedules, paycheck copies and paycheck stubs) and for computing of wages and Per Diem checks paid to me on the respective wage and Per Diem checks and for time and cost(s) of phone calls and trips to New Mexico Department of Labor office in Albuquerque, N.M. from August 13, 2004 to October 22, 2004.

*Id.*, ex. F.

Those defendants who had been served with process moved to dismiss Mr. Anaeme's complaint. Mr. Anaeme did not respond to the motion to dismiss. The district court, in a very thorough memorandum opinion and order, dismissed the complaint for failure to state a claim against the moving defendants. While

noting that Mr. Anaeme's failure to respond could, in and of itself, justify dismissal, the district court listed a number of flaws inherent in the complaint. First, Mr. Anaeme failed to show that defendants were contractually obligated to pay the fees sought. Second, his demand letters were not addressed to most of the defendants whom he sought to hold liable. Third, there is no statutory or administrative authority authorizing recovery of fees generated in connection with a proceeding before the NMDOL for an administrative wage claim. Fourth, as a pro se party who failed to show that he prevailed in EEOC proceedings, he was not entitled to any fees in connection with those proceedings. The district court dismissed the remaining defendants for failure of service of process.

On appeal, Mr. Anaeme contends that he is owed both the "legal and investigation fees" requested in his complaint, Aplt. Br. at 3, and "wages, per diem, shift differential(s), mileage and bonus," *id.* He makes no cogent argument, however, in opposition to the district court's reasons for dismissing his complaint. Upon review, we determine that Mr. Anaeme's appeal is frivolous. We therefore dismiss this appeal, *see* 28 U.S.C. § 1915(e)(2)(B)(i), and deny his motion to proceed in forma pauperis.

This is not the first appeal by Mr. Anaeme dismissed for frivolousness, for lack of appellate jurisdiction, or for failure to prosecute. *See Anaeme v. Peterson*, No. 05-2360 (10th Cir. Nov. 6, 2006) (dismissed as frivolous); *Anaeme v. Peterson*, No. 04-2297 (10th Cir. Sept. 14, 2005) (dismissed for lack of appellate

jurisdiction); *Anaeme v. Peterson*, No. 04-2274 (10th Cir. Feb. 10, 2005) (dismissed for lack of appellate jurisdiction); *Anaeme v. Presbyterian Health*, No. 00-2007 (10th Cir. Apr. 4, 2000) (dismissed for failure to prosecute). We caution Mr. Anaeme that a continued pattern of filing frivolous or abusive appeals may subject him to filing restrictions in this or other courts.

Entered for the Court


Terrence L. O'Brien
Circuit Judge